

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOE LEWIS JOHNSON,

    Petitioner,

v.                                                     Civil Action No. **3:07cv524**

GENE M. JOHNSON,

    Respondent.

## MEMORANDUM OPINION

Petitioner, a Virginia state prisoner proceeding *pro se*, brings this petition for a writ of habeas corpus challenging his conviction in the Circuit Court of Stafford County ("Circuit Court"). Petitioner's grounds for habeas relief are recited below:

    Claim 1     Petitioner was denied effective assistance of counsel and due process of law when defense counsel advised him to plead guilty and accept a plea agreement that was not reduced to writing, and not fully presented to the trial court.

    Claim 2     Petitioner's rights under the Due Process Clause[1] were violated when defense counsel and the Commonwealth's Attorney failed to produce his plea agreement in writing, which rendered his guilty plea involuntary and not knowingly made.

    Claim 3     The state habeas court's denial and dismissal of Petitioner's state petition for writ of habeas corpus denied him due process and resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.

### I. PROCEDURAL HISTORY

On March 4, 2002, a grand jury in the Circuit Court indicted Petitioner of involuntary manslaughter, aggravated involuntary manslaughter, driving while under the influence of alcohol

---

    [1] "No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. 14, § 1.

(second such offense within 5 years), and driving while suspended. On July 3, 2002, pursuant to an oral plea agreement, Petitioner pled guilty to aggravated involuntary manslaughter and to driving while under the influence of alcohol (second such offense within 5 years), and the Commonwealth moved for the remaining two charges to be *nolle prossed*.[2] The Circuit Court judge found Petitioner guilty of the two charges to which he pled guilty and granted the Commonwealth's motion to *nolle prosse* the remaining two charges. On October 15, 2002, Petitioner was sentenced to a total term of 21 years of imprisonment.

Petitioner appealed his convictions to the Court of Appeals of Virginia, which denied the petition for appeal on April 30, 2003. *See Johnson* v. *Commonwealth*, Record No. 2775-02-4 (Va. Ct. App. Apr. 30, 2003). Petitioner's attorney did not appeal that decision to the Supreme Court of Virginia. On July 1, 2004, Petitioner filed a habeas petition with the Circuit Court alleging that he had been denied: (A) his right to appeal to the Supreme Court of Virginia through attorney error; and, (B) the effective assistance of counsel and due process of law because trial counsel failed to advise him that the plea agreement had to be in writing and deficiently advised him to plead guilty even though there was no written plea agreement. The Commonwealth filed a motion conceding that Petitioner was denied his right to file an appeal to the Supreme Court of Virginia and arguing that his ineffectiveness of trial counsel claim should be dismissed as meritless. As to Claim A, the Circuit Court found that Petitioner had been denied his right to pursue a direct appeal of his criminal conviction to the Supreme Court of Virginia and ordered the Commonwealth to move the Supreme Court of Virginia for leave to allow Petitioner to file a delayed appeal from the Court of Appeals of Virginia's April 30, 2003

---

[2] The plea hearing was transcribed by the Court Reporter on December 2, 2002.

Order. *See Johnson v. Robinson*, No. CL04000300-00, Habeas Order at 2 (Va. Cir. Ct. Feb. 4, 2005) ("First Habeas Order"). As to Claim B, the Circuit Court found that Petitioner failed to allege that trial counsel's purported errors caused him any prejudice, therefore, he had not shown that counsel was ineffective under *Strickland v. Washington*, 466 U.S. 688 (1984) and dismissed Claim B with prejudice. First Habeas Order at 2. Petitioner appealed that habeas decision to the Supreme Court of Virginia. In his petition for appeal, Petitioner argued that because the Circuit Court determined that he should be allowed to pursue a belated direct appeal, then the Supreme Court of Virginia's decision in *Bowman v. Washington*, 605 S.E.2d 585 (Va. 2004),[3] required the Circuit Court to dismiss his remaining claim (Claim B) "without prejudice" to allow Petitioner to refile it following completion of his belated direct appeal. (Feb. 23, 2005 Pet. for App. in the Sup. Ct. of Va., 7.) The Supreme Court of Virginia directed the Circuit Court to enter a proper final habeas order. *See Johnson v. Commonwealth*, Record No. 050451 (Va. Sept. 27, 2005). Thereafter, the Circuit Court entered a replacement habeas order, which again directed the Commonwealth to move the Supreme Court of Virginia to allow Petitioner to file a belated direct appeal; however, the replacement habeas order dismissed Claim B *without prejudice*. *See Johnson v. Robinson*, No. CL04000300-00, Habeas Order (Va. Cir. Ct. Oct. 18, 2005) ("Second Habeas Order").

The Supreme Court of Virginia then granted the Commonwealth's motion to allow Petitioner to file a belated appeal from the Court of Appeals of Virginia's April 30, 2003 Order

---

[3] In *Bowman*, the Supreme Court of Virginia held that the state habeas court abused its discretion when it agreed that the petitioner should be awarded a belated appeal but then refused the petitioner's request to dismiss the petitioner's remaining claims without prejudice to allow the petitioner to refile his claims following completion of his belated direct appeal.

3

dismissing his petition for appeal. On January 17, 2006, Petitioner filed his petition for appeal raising the following assignment of error: "The trial court erred in determining that [Petitioner's] confession was voluntary because there was no written plea agreement and no inquiry was made as to the effects of the agreement to *nolle prosse* two charges [in exchange for Petitioner's] plea of guilty." (Jan. 17, 2006 Pet. for App. in the Sup. Ct. of VA, 2.) After considering the petition for appeal and the Commonwealth's brief in opposition to the petition for appeal, the Supreme Court of Virginia refused the petition for appeal. *Johnson v. Commonwealth*, No. 060100 (Va. July 27, 2006).

Upon completion of his direct appeal, Petitioner did not file a second state habeas petition asserting Claim B (Claim 1 in the federal habeas petition). On August 17, 2007, Petitioner filed the instant federal habeas petition. On October 30, 2007, Respondent filed a motion to dismiss and argued that Claim 1 was exhausted but procedurally barred, Claim 2 was partially exhausted but procedurally barred, and Claim 3 was unexhausted. By Memorandum Order entered on June 6, 2008, the Court determined that the convoluted procedural history surrounding Petitioner's state postconviction proceedings had not been adequately briefed and that Respondent failed to explain why the Court should find Claim 1 to be exhausted or procedurally defaulted. The Court directed the parties to file amended briefs. In Respondent's amended motion to dismiss, Respondent now argues that the state habeas court's dismissal of Claim 1 (Claim B in the state habeas petition) without prejudice resulted in that claim not having been exhausted and that the claim is now procedurally defaulted. Petitioner filed an amended response in opposition to the amended motion to dismiss. Accordingly, the matter is now ripe for review and disposition.

## II. EXHAUSTION AND PROCEDURAL DEFAULT

"In the interest of giving the state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing, a state prisoner must exhaust all available state remedies before he can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (*citing Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997)). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." *Matthews*, 105 F.3d at 911 (*citing Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir. 1994)).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (*citing Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). Furthermore, a federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (*quoting Coleman*, 501 U.S. at 735 n.1). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court is precluded from reviewing the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

Here, after Petitioner complained to the Supreme Court of Virginia that the Circuit Court's First Habeas Order violated *Bowman*, the Circuit Court entered the Second Habeas Order

5

dismissing Claim 1 (Claim B in the state habeas petition) without prejudice. *See Bowman v. Washington*, 605 S.E.2d 585, 585 (Va. 2004) (observing that Va. Code § 8.01-654 does not prevent a petitioner from reasserting claims in a second habeas petition that were dismissed without prejudice in a prior habeas proceeding). Petitioner did not present Claim 1 to the Supreme Court of Virginia in a second petition for a writ of habeas corpus. Respondent asserts that Claim 1 is therefore unexhausted.

In response, Petitioner acknowledges that he was *allowed* file a second habeas petition asserting Claim 1 after his belated direct appeal concluded, but argues that the Court should not find that he was *required* to do so. (Petr.'s Ans. to Respt.'s Am. Mot. to Dismiss at 9, 12.) Petitioner argues that because he appealed the Circuit Court's First Habeas Order dismissing Claim 1 with prejudice to the Supreme Court of Virginia, the Supreme Court of Virginia had an opportunity to address the merits of this claim. In that petition for appeal, however, Petitioner claimed that the Circuit Court had erred in dismissing Claim 1 with prejudice. Citing to *Bowman*, Petitioner made a procedural argument as to why he should be allowed to reassert his claim in a second habeas petition following his belated appeal. (Feb. 23, 2005 Pet. for App. in the Sup. Ct. of Va., 6-7.) Indeed, Petitioner specifically requested remand to the Circuit Court for dismissal of Claim 1 without prejudice.[4] ( Feb. 23, 2005 Pet. for App. in the Sup. Ct. of Va., 7.) It is therefore readily apparent that Petitioner was not seeking review of the merits of Claim 1, but rather, was making a procedural challenge to its dismissal. *See Bowman*, 605 S.E.2d at

---

[4] Alternatively, in his appeal to the Supreme Court of Virginia, Petitioner also argued that the Circuit Court erred by not acknowledging that he had filed a motion to amend Claim 1 in violation of Rule 1.8 of the Rules of the Supreme Court of Virginia. Petitioner, however, did not set forth the text of his requested amendment or explain how the amendment enhanced his claim.

585 (categorizing petitioner's claim - that lower court erred in not dismissing his remaining habeas claims without prejudice after determining petitioner was entitled to belated appeal - as a "procedural argument").

Accordingly, Petitioner got exactly the relief he sought. A new habeas order was entered dismissing his ineffective assistance of trial counsel claim (Claim B) without prejudice, thereby permitting Petitioner to refile the claim in a second habeas petition upon conclusion of his belated direct appeal. *See Richardson v. Dillman*, No. 7:06cv359, 2007 WL 186666, at *3 (W.D. Va. Jan.19, 2007) (finding that petitioner, who raised claim in first state habeas petition, did not properly exhaust claim because the first state habeas petition was dismissed without prejudice, leaving petitioner free to refile the claim in a second habeas petition (*citing* 28 U.S.C. § 2254(b)), *appeal dismissed*, 231 F. App'x 239 (4th Cir. 2007) (No. 07-6485). Petitioner did not file a second habeas petition asserting Claim 1 in the Supreme Court of Virginia after his direct appeal concluded. Although Petitioner had an opportunity to present Claim 1 to the Supreme Court of Virginia for consideration on the merits, he failed to do so. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[P]risoners must give the state courts one full opportunity to resolve any constitutional issues."). Claim 1 was never properly presented to the Supreme Court of Virginia and is therefore unexhausted. If Petitioner were to now attempt to file a second habeas petition in order to present Claim 1 to the Supreme Court of Virginia, that court would find the claim barred by Virginia's habeas statute of limitations, Virginia Code section 8.01-654(A)(2).[5]

---

[5] Va. Code § 8.01-654(A)(2) provides that: "A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." The Supreme Court of Virginia refused Petitioner's appeal on July 27, 2006, thus the time for filing his second habeas petition

Section 8.01-654(A)(2) is an adequate and independent state procedural rule. *See Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587-88 (E.D. Va. 2006). Accordingly, Claim 1 is procedurally defaulted and will be DISMISSED.

In Claim 2, Petitioner asserts that his rights under the Due Process Clause were violated when his counsel and the Commonwealth Attorney failed to produce his plea agreement in writing thereby rendering his guilty plea involuntary and not knowingly made. This claim was partially exhausted to the extent Petitioner's assignment of error on direct appeal concerned the trial court's failure to require a written plea agreement in violation of Rule 3A:8(c)(2) of the Rules of the Supreme Court of Virginia.[6] However, Respondent argues that Claim 2 is unexhausted to the extent Petitioner is asserting that his right to due process of law under the federal constitution was violated, or attempting to fault counsel or the Commonwealth Attorney for failing to insist the plea agreement be in writing.

In his direct appeal, Petitioner challenged the failure to provide a written plea agreement only as a violation of a state procedural rule and Virginia case law, not as a violation federal law. Thus, Petitioner did not exhaust the federal constitutional aspects of this claim. The Court is foreclosed from considering a petitioner's allegation of state law error. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (*per curiam*) (reversing grant of writ of habeas corpus where petitioner, on direct appeal in state court, claimed that evidentiary ruling violated state law but

---

expired on July 27, 2007. *See Johnson v. Commonwealth*, No. 060100 (Va. July 27, 2006) (order refusing petition for appeal).

[6] Rule 3A:8(c)(2) requires that: "If a plea agreement has been reached by the parties, it shall, in every felony case, be reduced to writing, signed by the attorney for the Commonwealth, the defendant, and, in every case, his attorney, if any, and presented to the court. The court shall require the disclosure of the agreement in open court . . . ." Va. Sup. Ct. R. 3A:8(c)(2).

8

did not claim violation of any federal constitutional right); *Wright v. Angelone*, 151 F.3d 151, 157-58 (4th Cir. 1998). If Petitioner now attempted to present the federal constitutional aspects of Claim 2 to the Supreme Court of Virginia, that Court would be barred under section 8.01-654(A)(2) of the Virginia Code. Furthermore, there is no federal constitutional right to have a written plea agreement in criminal cases, where the plea proceeding, including the agreement between the parties, has been transcribed by the court reporter, as occurred here. *Cf. United States v. Delegal*, 678 F.2d 47, 50-51 (7th Cir. 1982) (abuse of discretion to reject a plea on ground that plea agreement was not in writing where plea proceeding, including agreement, had been transcribed by court reporter); *United States v. Simpkins*, 67 F. App'x 704, 706 (3d Cir. 2003) (noting, without discussion, that plea agreement had not been reduced to writing). Nor does Federal Rule of Criminal Procedure 11 require written plea agreements. For these reasons, Claim 2 will be DISMISSED.

Claim 3 is subject to summary dismissal because any alleged errors in the state habeas proceeding would not provide a suitable ground for federal habeas relief. *See Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (["C]laims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal *habeas corpus* relief."). This is so because Petitioner is detained as a result of the underlying state conviction, not the state collateral proceeding. *See Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008). Accordingly, Claim 3 will be DISMISSED.

Lastly, the Court notes that Petitioner recently filed a letter with the Court expressing his concern that the Court did not have the full record of his state court proceedings available for review. Pursuant to the Court's Memorandum Order entered October 4, 2007, all of Petitioner's

state court records were forwarded to this Court for review. Although the Court reviewed these records, the only state court documents the Court relied on in ruling on Petitioner's § 2254 motion were those documents that Respondent supplied to Petitioner.[7]

## III. CONCLUSION

For the foregoing reasons, Respondent's motions to dismiss (Docket Nos. 9 & 25) will be GRANTED. The petition for a writ of habeas corpus under 28 U.S.C. § 2254 will be DENIED, and the action will be DISMISSED.

An appropriate Order shall issue.

/s/
Richard L. Williams
United States District Judge

Date: SEP - 9 2008
Richmond, Virginia

---

[7] In responding to Respondent's Amended Motion to Dismiss, Petitioner argues that Respondent did not provide him or the Court with a copy of all of the state court records that Respondent referred to in his Amended Motion to Dismiss. The Court notes that Respondent attached copies of the relevant state court records in his first Motion to Dismiss, which was provided to Petitioner. In ruling on Petitioner's § 2254 motion, the Court has relied only on the exhibits supplied to Petitioner.